UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BRUCE KIRK FONTENOT

VERSUS

VALERO REFINING-MEREAUX LLC,
ET AL

CIVIL ACTION

NUMBER 14-774-JWD-SCR

## ORDER TO AMEND COMPLAINT

Plaintiff Bruce Kirk Fontenot filed a Complaint asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiff alleged he is "domiciled" in Calcasieu Parish, which makes him Louisiana citizens. Plaintiff alleged that defendant Valero Refining-Mereaux, LLC "is a foreign corporation authorized to do and doing business in the State of Louisiana, with its registered principle place of business within Louisiana being in St. Bernard Parish ... Louisiana." Plaintiff alleged that defendant Starcom International, Inc., "is a foreign corporation authorized to do and doing business in the State of Louisiana, with its registered principle place of business within Louisiana being in East Baton Rouge Parish ... Louisiana." Plaintiff alleged that defendant Burns and McDonnell Engineering Company, Inc., "is a foreign corporation authorized to do and doing business in the State of Louisiana, with its registered principle place of business within Louisiana being in East Baton Rouge Parish ... Louisiana."

When jurisdiction depends on citizenship, the citizenship of

each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[2] Thus, to properly allege the citizenship of a corporation the party asserting jurisdiction must allege both the state(s) of incorporation and the principal place of business. For a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[3] Use of "LLC" in the entity's name usually means the entity is organized as a limited liability company rather than a corporation.

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[3] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

Plaintiff's jurisdictional allegations are not sufficient to determine whether there is diversity of citizenship. Although defendant Valero Refining-Mereaux uses the "LLC" designation in its name, the plaintiff alleged that it is a corporation rather than a limited liability company. The form of organization matters in determining whether the court has subject matter jurisdiction. If this defendant is actually organized as a corporation, the plaintiff failed to allege the state(s) where it is incorporated and where it has its principal place of business.

Whether a defendant is organized as a corporation or as a limited liability company, where a defendant is authorized to do business does not determine its citizenship. And although a corporation may have a place in each state where it does most of its business, or where it's main office in that state is registered for the purpose of complying with state law, for the purpose of § 1332 a corporation has only one overall principal place of business. *See, Hertz Corp. v. Friend,* 559 U.S. 77, 93, 130 S.Ct. 1181, 1193 (2010) (term "principal place of business" in federal diversity jurisdiction statute refers to place where a corporation's officers direct, control, and coordinate corporation's activities, in other words the corporation's "nerve center"; corporation's "nerve center," for diversity jurisdiction purposes, is usually its main headquarters, and it is a single place within a State).

Therefore;

IT IS ORDERED that plaintiff Bruce Kirk Fontenot shall have seven days to file an amended complaint which clarifies the form of organization of defendant Valero Refining-Mereaux, LLC and properly alleges each defendant's citizenship.

**Failure to comply with this order may result in the case being dismissed without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, December 12, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE